1

2

3

4              UNITED STATES DISTRICT COURT

5                  DISTRICT OF NEVADA

6                         * * *

7    JUDITH D. GUILLORY, individually, as the          Case No. 2:23-CV-2010 JCM (BNW)
     Other of MICHAEL JOHN GUILLORY, and
8    As the Administrator of the ESTATE OF
     MICHAEL JOHN GUILLORY, Deceased,
9
                              Plaintiff(s),                        ORDER
10
11          v.

12   LAS VEGAS METROPOLITAN POLICE
     DEPARTMENT, et al.,
13
                              Defendant(s).

14

15          Presently before the court are defendants' motions to dismiss.  (ECF Nos. 28, 29, 30).

16   Plaintiffs responded (ECF Nos. 36, 37, 38), to which defendants replied (ECF Nos. 39, 41, 42).

17          As a preliminary matter, plaintiffs filed an amended complaint on April 9, 2024.  (ECF No.

18   26).  Accordingly, the court DENIES as MOOT the defendants' pending motions to dismiss the

19   original complaint.  (ECF Nos. 14, 16, 20).

20   **I.    Background**

21          This is a wrongful death action with both 42 U.S.C. § 1983 claims and state law claims.

22   Decedent Michael Guillory was allegedly suffering a mental health incident outside an apartment

23   complex in Las Vegas on December 5, 2021.  (ECF No. 26 at ¶ 40).  Las Vegas Metropolitan

24   Police Department ("LVMPD") officers were dispatched and established a perimeter to contain

25   Guillory.  (ECF No. 28).  The parties dispute the nature of the events that followed.

26          Guillory was allegedly inside a parked vehicle with a defensive object when officers and

27   an ambulance arrived.  (ECF No. 26 at ¶ 40).  Plaintiffs contend Guillory became frustrated.  (*Id.*).

28   He tried to exit the vehicle to surrender when officers shot him with rubber bullets and/or bean

bags and caused him to retreat. (*Id*. at ¶ 50). Officers then released a K-9 police dog to control Guillory. (*Id* at ¶ 51). An LVMPD sergeant then used a taser on Guillory. (*Id*. at ¶ 52). Officers then placed their body weight on him and treated him with the sedative Ketamine. (*Id*. at  ¶ 58). Guillory never regained consciousness and was pronounced dead on December 6, 2021. (*Id*.).

Guillory's mother, Judith Guillory, now brings this action on behalf of Guillory's estate. The complaint alleges the following causes of action:

- § 1983 excessive force (First Cause of Action);
- state law battery (Second Cause of Action);
- § 1983 unlawful seizure (Third Cause of Action);
- state law false imprisonment (Fourth Cause of Action);
- § 1983 denial of medical treatment (Fifth Cause of Action);
- state law wrongful death (Sixth Cause of Action);
- state law negligence against Clark County and LVMPD (Seventh Cause of Action);
- *Monell* claim for ratification (Eighth Cause of Action):
- *Monell* claim for unconstitutional policy, practice or custom (Ninth Cause of Action),
- *Monell* claim for failure to train (Tenth Cause of Action);
- state law negligent training and supervision (Eleventh and Twelfth Causes of Action):
- state law loss of consortium (Thirteenth Cause of Action); and
- state law negligence against Community (Fourteenth Cause of Action).

## II.    Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the

1    elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

2        "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550

3    U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

4    matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation

5    omitted).

6        In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply

7    when considering motions to dismiss.  First, the court must accept as true all well-pled factual

8    allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.

9    *Id.* at 678–79.  Mere recitals of the elements of a cause of action, supported only by conclusory

10   statements, do not suffice.  *Id.* at 678.

11       Second, the court must consider whether the factual allegations in the complaint allege a

12   plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint

13   alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the

14   alleged misconduct.  *Id.* at 678.

15       Where the complaint does not permit the court to infer more than the mere possibility of

16   misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.*

17   (internal quotation marks omitted).  When the allegations in a complaint have not crossed the line

18   from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

19       The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,

20   1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

21           First, to be entitled to the presumption of truth, allegations in a complaint
             or counterclaim may not simply recite the elements of a cause of action, but must
22           contain sufficient allegations of underlying facts to give fair notice and to enable
             the opposing party to defend itself effectively.  Second, the factual allegations that
23           are taken as true must plausibly suggest an entitlement to relief, such that it is not
             unfair to require the opposing party to be subjected to the expense of discovery and
24           continued litigation.

25   *Id.*  District courts apply federal pleading standards to state law claims in federal court.  *See*

26   *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (applying federal pleading

27   standards to action removed from state court).

28       The court, on a motion to dismiss, is limited to the allegations contained in the complaint.

1    *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). "A court may, however, consider

2    certain materials—documents attached to the complaint, documents incorporated by reference in

3    the complaint, or matters of judicial notice—without converting the motion to dismiss into a

4    motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

5    **III.    Discussion**

6        Defendants each filed a separate motion to dismiss. Both LVMPD and Clark County

7    defendants argue (1) plaintiffs' claims are time-barred by the statute of limitations, and (2)

8    plaintiffs failed to comply with notice requirements. Defendant Community Ambulance argues

9    that plaintiffs were required to submit an affidavit of merit for claims of professional negligence

10    and their failure to do so warrants dismissal. The court considers each argument separately.

11        A.  Equitable tolling on the statute of limitations

12        The parties agree the incident at the apartment complex occurred on December 5, 2021,

13    and Guillory was declared dead on December 6, 2021. Plaintiffs filed their complaint on

14    December 6, 2023, claiming technical difficulties prevented filing the night before. (ECF Nos. 36,

15    37). Defendants Clark County and LVMPD argue that nearly all of plaintiffs' claims are now

16    barred by the two-year statute of limitations for tort actions in Nevada. Plaintiffs argue equitable

17    tolling should apply to allow their claims to proceed.

18        Equitable tolling may be applied in certain circumstances. *Fausto v. Sanchez-Flores*, 137

19    Nev. 113, 116, 482 P.3d 677, 680–81 (2021) (finding Nevada's limitations statute is subject to

20    equitable tolling). Plaintiffs must demonstrate: (1) diligent action in pursuing the claim, and (2)

21    that extraordinary circumstances beyond the plaintiff's control caused the claim to be filed outside

22    the limitations period. *Adkins v. Union Pac. R.R. Co.*, 140 Nev. Adv. Op. 48, 554 P.3d 212 (2024).

23        The court inquired with the docketing department to resolve inconsistency and settle the

24    parties' dispute. The case was opened and assigned on December 5, 2023. *See* Docket No. 2:23-

25    cv-02010-JCM-EJY. Though the complaint was not officially filed until December 6, 2023, the

26    docketing department confirmed it is possible it was delayed due to internal technical problems.

27    In light of the ambiguity and objectively brief delay, the court finds the doctrine of equitable tolling

28    applies.

Plaintiffs have demonstrated that they were diligent in pursuing the action and intended to comply with the statute of limitations absent technical error. The filing error is confirmed by the ambiguity between the date the case was opened and the date the complaint was filed. The court finds plaintiffs may proceed with their claims, which are predicated on actions that occurred on December 5, 2021. Accordingly, defendants' motion to dismiss plaintiffs' claims as time-barred is denied.

**B.** Plaintiffs did not comply with NRS 41.036

LVMPD and Clark County next argue plaintiffs' state law claims cannot proceed because plaintiffs did not comply with the statutory notice requirement. Under NRS 41.036, a tort claimant against a political subdivision of the state must file notice of the claim with that entity within two years of the claim accruing. NRS 41.036(2). Plaintiff argues that the statute explicitly states that noticing a claim is not a condition precedent to bringing a lawsuit and cannot be the basis for dismissal. NRS 41.036(3).

Courts in this district recognize that although NRS 41.036(2) and (3) do not require a plaintiff to give notice as a condition precedent to filing suit against a political subdivision of the state, the plaintiff must nonetheless notify the defendant of its claims within two years of accrual. *James v. City of Henderson*, Case No. 2:19-cv-1207 JMC (BNW), 2020 WL 5775752, at *5 (D. Nev. Sept. 28, 2020). Substantial compliance with the notice statute is insufficient. *Hartrim v. Las Vegas Metropolitan Police Department*, Case No. 2:11-cv-00003 RLH (PAL), 2011 WL 2690148, at *2-3 (D. Nev. July 11, 2011) (plaintiffs filing, but not serving, a complaint within two years of claim accrual is insufficient notice under NRS 41A.036(2)).

This is the crux of the parties' argument. Indeed, giving notice to LVMPD and Clark County was not a prerequisite to plaintiffs initiating litigation. But plaintiffs nonetheless needed to provide notice by service within two years of the claims' accrual.

Here, plaintiffs waited to file until exactly two years after the incident. The statute contains no built-in grace period, and plaintiffs did not serve the complaint on defendants until weeks later. (*See* ECF Nos. 8, 9). Plaintiffs failed to give Clark County and LVMPD sufficient notice of their state law tort claims within the two-year accrual period as required by NRS 41A.036. Plaintiffs'

1   state law tort claims against Clark County and LVMPD must therefore be dismissed.

2       C.  Community Ambulance's motion to dismiss

3       Finally, defendant Community Ambulance argues plaintiffs did not comply with NRS

4   41A.071, which requires claimants to file an affidavit of merit for claims of professional

5   negligence against health care providers.  Plaintiff argues NRS 41A does not apply because

6   emergency medical technicians (EMTs) are not considered health care providers under the statute.

7   Plaintiff alleges various causes of action against Community, but Community argues all of

8   plaintiffs' claims "sound in professional negligence" and should therefore be dismissed.  (ECF No.

9   29 at 3).

10      First, the court declines to consider all of plaintiffs' causes of action as a summary claim

11  for professional negligence.  Claims that sound in professional negligence involve actions within

12  a professional relationship by a health care provider.  *Limprasert v. PAM Specialty Hosp. of Las*

13  *Vegas LLC*, 140 Nev. Adv. Op. 45, 550 P.3d 825, 830 (2024).  Though plaintiffs allege Community

14  EMTs administered ketamine resulting in death, that does not establish EMTs as health care

15  providers.

16      NRS 41A.017 defines "provider of health care" to include a list of specific medical

17  professions, including physicians, nurses, and hospitals.  The statute does not explicitly mention

18  EMTs, but Community argues EMTs are nonetheless included because of the nature of their work.

19  Plaintiffs argue the list is exhaustive.  The court must look to the legislature's intent to resolve the

20  ambiguity.  *See Roberts v. State*, 104 Nev. 33, 752 P.2d 221, 223 (Nev. 1988).

21      Nevada caselaw on statutory interpretation subscribes to the maxim "expressio unius est

22  exclusio alterius," meaning the expression of one thing is the exclusion of another.  *Galloway v.*

23  *Truesdell*, 83 Nev. 13, 422 P.2d 237 (1967).  Omissions of subject matters from statutory

24  provisions are therefore presumed to be intentional by the legislature.  *Dep't of Tax'n v.*

25  *DaimlerChrysler Servs. N. Am., LLC*, 121 Nev. 541, 119 P.3d 135 (2005).

26      Here, the court adheres to the principles of statutory construction and presumes the

27  legislature intended to omit emergency medical technicians from its enumerated list of health care

28  providers.  Though EMTs may administer medical services, the legislature here distinguished

between emergency care and transportation, and a professional relationship based in medical care. The statute is intended to cover only those tortfeasors whp form such a relationship. *See Limprasert v. PAM Specialty Hosp. of Las Vegas LLC*, 140 Nev. Adv. Op. 45, 550 P.3d 825 (2024). The list of providers under the statute is exhaustive and the court declines to interpret NRS 41A liberally to expand the definition. Community Ambulance's motion to dismiss plaintiffs' complaint is therefore denied.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Las Vegas Metropolitan Police Department's motion to dismiss (ECF No. 28) be, and the same hereby is, GRANTED, in part, consistent with the foregoing.

IT IS FURTHER ORDERED that defendant Clark County's motion to dismiss (ECF No. 30) be, and the same hereby is, GRANTED, in part, consistent with the foregoing.

IT IS FURTHER ORDERED that defendant RBR Management's, *dba* Community Ambulance, motion to dismiss (ECF No. 29) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' motions to dismiss the original complaint (ECF Nos. 14, 16, 20) be, and the same hereby are, DENIED as MOOT.

Plaintiffs' second claim for battery, fourth claim for false imprisonment, sixth claim for wrongful death, seventh claim for negligence, eleventh and twelfth claims for negligent training and supervision, and thirteenth claim for loss of consortium are hereby DISMISSED, with prejudice.

DATED March 10, 2025.

_____
UNITED STATES DISTRICT JUDGE