UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUDITH D. GUILLORY, individually, as the Other of MICHAEL JOHN GUILLORY, and As the Administrator of the ESTATE OF MICHAEL JOHN GUILLORY, Deceased,<br><br>Plaintiff(s),<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>Defendant(s). | Case No. 2:23-CV-2010 JCM (BNW)<br><br><br>ORDER |

Presently before the court is defendant Clark County's motion for reconsideration. (ECF No. 50). Plaintiff Judith D. Guillory, Administratrix of the Estate of Michael John Guillory, filed a response, (ECF No. 51), to which Clark County replied (ECF No. 54).

**I.    Background**

This is a wrongful death action with both 42 U.S.C. § 1983 claims and state law claims. (*See* ECF No. 1). Decedent Michael Guillory was allegedly suffering a mental health incident outside an apartment complex in Las Vegas on December 5, 2021. (ECF No. 26 ¶ 40). Las Vegas Metropolitan Police Department ("LVMPD") officers were dispatched and established a perimeter to contain Guillory. (ECF No. 28). The parties dispute the nature of the events that followed.

Guillory was allegedly inside a parked vehicle with a defensive object when officers and an ambulance owned and operated by Community Ambulance arrived. (ECF No. 26 ¶¶ 22, 40, 42). Plaintiff contends Guillory became frustrated. (*Id.* ¶ 47). He tried to exit the vehicle to

surrender when officers shot him with rubber bullets and/or bean bags and caused him to retreat. (*Id.* ¶ 50). Officers then released a K-9 police dog to control Guillory. (*Id.* ¶ 51). An LVMPD sergeant then used a taser on Guillory. (*Id.* ¶ 52). Officers, and potentially a Community Ambulance EMT, then placed their body weight on him and treated him with the sedative Ketamine. (*Id.* ¶ 58). Guillory never regained consciousness and was pronounced dead on December 6, 2021. (*Id.*).

Guillory's mother, Judith Guillory, brought this action on behalf of Guillory's estate, naming LVMPD, Clark County, the City of Las Vegas, RBR Management (dba Community Ambulance), and three of the officers allegedly involved as defendants. (ECF No. 26).

On March 10, 2025, the court granted Clark County's motion to dismiss in part. (ECF No. 49). The order considered equitable tolling and state statutory notice arguments, ruling that the state law claims were dismissed as noncompliant with Nevada's statutory notice requirement. (*Id.* at 4–6). Clark County brings the present motion for reconsideration under LR 59-1 and FRCP 59 to clarify the status of the remaining § 1983 and *Monell* claims.

**II.     Legal Standard**

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Reconsideration is appropriate under Federal Rule of Civil Procedure 59(e) only if the court (1) "is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th

Cir. 2000) (internal citations omitted); LR 59-1(a).

The court can review whether it committed clear error of law. *See McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). "Clear error exists only when the reviewing court is left with a definite and firm conviction that a mistake has been committed." *Milenbach v. Comm'r of Internal Rev.*, 318 F.3d 924, 935 (9th Cir. 2003) (quoting *Gonzalez-Caballero v. Mena*, 251 F.3d 789, 792 (9th Cir. 2001) (internal quotations omitted). There is no clear error when the question at issue is debatable. *Calderon*, 197 F.3d at 1256.

A motion for reconsideration should not "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880. It should not "repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts." LR 59-1(b); *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (citation omitted); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). It is inappropriate to ask the court to "think about [an] issue in the hope that [it] will come out the other way the second time." *Teller v. Dogge*, No. 2:12-cv-00591-JCM-GWF, 2013 U.S. Dist. LEXIS 17425, 2013 WL 508326, at *6 n.6 (D. Nev. Feb. 8, 2013) (Mahan, J.).

**III. Discussion**

The court will first determine whether to grant Clark County's motion for reconsideration, and then, if necessary, reconsider the underlying motion to dismiss.

A. Motion for Reconsideration

Clark County argues that reconsideration is warranted because this court did not address the status of the § 1983 and *Monell* claims against it. (ECF No. 50). Although Clark County's motion to dismiss focuses primarily on equitable tolling and statute of limitations, Clark County

also raised arguments that under which the court could have dismissed the § 1983 and *Monell* claims.  The court did not address these arguments, leaving § 1983 and *Monell* claims pending against Clark County.

Furthermore, plaintiff does not set forth any arguments or analyze any case law opposing Clark County's motion for reconsideration.  (ECF No. 51).  "The failure of an opposing party to file points and authorities in response to any motion…consents to the granting of the motion."  LR 7-2(d).

Clark County's motion for reconsideration is granted.

B.  Motion to dismiss

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Furthermore, a formulaic recitation of the elements of a cause of action will not suffice.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted).  Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Id.*  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.*  When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief.  *Id.*

- 4 -

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held as follows:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

In ruling on a motion to dismiss, a district court generally "may not consider any material beyond the pleadings." *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). There are several exceptions to this rule. For example, the court may consider material properly submitted as part of the complaint, take judicial notice of undisputed matters of public record, and—when the plaintiff fails to introduce a pertinent document—may consider the exhibit if the "defendant introduces it as part of his motion attacking the pleading." *Branch v. Tunnell,* 14 F.3d 449, 453 (9th Cir. 1994) (citing *Hal Roach Studios*, 896 F.2d at 1555 n. 19) (emphasis added) (properly submitted material as part of the complaint); *id.* at 453 (when plaintiff fails to introduce a pertinent exhibit); *Harris v. County of Orange*, 682 F.3d 1126, 1131–

32 (9th Cir. 2012) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)) (on judicial notice).

Clark County argues that the § 1983 claims cannot stand because plaintiff failed to identify conduct by a Clark County employee or officer; and the *Monell* claims must likewise be dismissed because Clark County is not liable for the conduct of third-party private entities like Community Ambulance. (ECF No. 50 at 3).

> i.  *Excessive force, unlawful seizure, and denial of medical treatment claims*

Plaintiff alleges § 1983 claims against Clark County for excessive force (claim one), unlawful seizure (claim three), and denial of medical treatment (claim five). (ECF No. 26 ¶¶ 73–76, 79–81, 86–95). Section 1983 claims may be brought against municipalities; however, they may not be sued "for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). To impose *Monell* liability on a municipality under § 1983, a plaintiff must prove: (1) he had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) "the policy is the moving force behind the constitutional violation." *Gordon v. Cty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (quoting *Dougherty v. Cty. of Covina*, 654 F.3d 892, 900 (9th Cir. 2011)).

Claims one, three, and five describe the actions of LVMPD officers and Community Ambulance. Plaintiff fails to allege any conduct by Clark County, an employee, or an officer thereof, at the scene of the incident. (*See* ECF No. 26 at 12–20); *Twombly*, 550 U.S. at 678–79.

Plaintiff attempts to connect Clark County to these claims by alleging that LVMPD and Clark County "developed policies that denied medical care to individuals in the custody of defendant officers and LVMPD," and that in making these policies, the Clark County deprived

Mr. Guillory of his federal constitutional rights as set out in the first, third, and fifth claims for relief. (ECF No. 26 ¶¶ 91–93). This policy is alleged earlier in the complaint, in a section on LVMPD's alleged unconstitutional practices and customs, wherein plaintiff claims that Clark County and LVMPD "permitted, failed to correct, promoted, fostered, or ratified a number of customs, patters or practices that condoned and required officers…" (*Id.* ¶ 67–72).

These policy allegations focus on the conduct, practices, and duties of LMVPD, not Clark County. (*Id.* ¶ 71). Clark County is a separate entity from LVMPD with separate policies and duties, so plaintiff must specifically allege separate conduct and policies from LVMPD that deprived Mr. Guillory of his constitutional rights. She does not. After separating out the content that falls within LVMPD's purview, all that is left are conclusory allegations and recitations of the *Monell* requirements. *See Twombly*, 550 U.S. at 678–79. Claims one, three, and five are dismissed.

>  ii. *Ratification, policy, practice, or custom, and failure to train claims*

Plaintiff's final three claims are that Clark County (1) ratified the acts and omissions of Community Ambulance's EMTs (claim eight); (2) had an unconstitutional policy, practice, or custom to deprive persons in custody of proper medical treatment (claim nine); (3) and failed to train the EMTs or have adequate policies to train the EMTs (claim ten). (ECF No. 26 at 18–20). Plaintiff alleges that Clark County hired Community Ambulance to provide ambulatory services, and that it must be held liable for the Community Ambulance EMT's actions because Clark County owes a nondelegable duty to provide and regulate ambulatory services to the citizens of Clark County, and to enforce and establish minimum standards of emergency medical care. (ECF No. 26 ¶¶ 13, 28). These arguments are unpersuasive.

First, contrary to plaintiff's understanding, the statute does not direct Clark County to regulate minimum standards of emergency medical care, including ambulatory services. The

Nevada Revised Statutes provide that

> the board shall adopt regulations establishing minimum reasonable standards for: . .
> (a) Sanitation in ambulances and air ambulances;
> (b) Medical and non medical equipment and supplies[];
> . . .
> (c) Permits for operation of ambulances, air ambulances and vehicles of a fire-fighting agency; and
> . . .
> (f) Treatment of patients who are critically ill or in urgent need of treatment

NRS 450B.130.

The "board" required to adopt these regulations is defined in NRS 450B.060 as "the district board of health." In Clark County, that is Southern Nevada Health District, which is a separate entity from Clark County.

Second, state law does not create a nondelegable duty for Clark County to provide ambulatory services. Although Clark County administers franchise agreements for ambulatory service providers, it is not required to do so.[1] Should a local government *choose* to provide such services, it must comply with the board's regulations. *See* NRS 450B.840. Nowhere in NRS 450B.015 does it say that local governments have a nondelegable duty to provide ambulatory services.

NRS 450B.015 *et seq.* is intended to provide for minimum standards and ensure prompt and efficient medical care. If the legislature intended to create a nondelegable duty for cities and counties as part of this mission, it would have included that within the law. It did not.

Third, Clark County does not hire ambulatory servicers—it licenses them. These licensing agreements are "functionally business licenses" that ensure a minimum level of service is offered

---

[1] *Franchise Services*, CLARK COUNTY, NEV., https://www.clarkcountynv.gov/business/doing_business_with_clark_county/divisions/franchise_services/ (last visited Oct. 10, 2025).

- 8 -

to the general public (as intended by the state legislature) throughout the county, in exchange for a right to operate in Clark County; they are not contracts. (ECF No. 30 at 9). Entities must pay service fees to Clark County (not the other way around), carry liability insurance, and agree to indemnify Clark County for all claims asserted against it for conduct related to the services provided. Clark Cnty. Mun. Code §§ 5.03.080, 5.03.210, 5.03.220.

Accordingly, claims eight, nine, and ten fail. Plaintiff's claim against Clark County for ratification fails because it is based on her nondelegable duty theory. (*See* ECF No. 26 ¶ 103). Her policy, practice, or custom claim fails because the minimum standards of care are not promulgated by Clark County, and she cites to no other law supporting her nondelegable duty of care contention. (*Id.* ¶ 108).

Plaintiff claims that the training policies of Clark County and Community Ambulance were not adequate to train the EMTs, but Clark County does not regulate the training policies of EMTs, and it is not responsible for the training of its licensees' employees. (*Id.* ¶ 114); *see supra* at 8. For this reason, and those discussed in the next section, plaintiff's negligent supervision and training claim fails.

### a. Immunity

Clark County is immune from any claims of negligent supervision or training. Nevada waives sovereign immunity in civil actions, subject to certain exceptions. *See* NRS 41.031. One such exception is that no action may be brought based on the discretionary actions of the state, its agencies, political subdivisions, or employees or officers thereof. NRS 41.032. An act is discretionary if (1) it involves an element of individual judgment or choice and (2) is based on considerations of social, economic, or political policy. *Martinez v. Maruszczak*, 123 Nev. 433, 446–47 (2007). Discretionary act immunity may protect decisions "at all levels of government,

including frequent or routine decisions…if the decisions require analysis of government policy concerns." *Id.* at 447.

Decisions regarding the training and supervision of employees, such as programming, staffing, management styles, and discipline, are ones that involve choice or judgment. These are decisions are susceptible to a policy analysis. Thus, Clark County's training and supervision of employees are discretionary acts immune from suit.

Accordingly, plaintiff's claims for ratification, policy, practice, or custom, and failure to train, are dismissed. *See Gordon*, 6 F.4th at 973; *Twombly*, 550 U.S. at 678–79.

## IV.  Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Clark County's motion for reconsideration (ECF No. 50) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Clark County's motion to dismiss, (ECF No. 30), is GRANTED **with prejudice** as to claims one, three, five, eight, nine, and ten.  (*See* ECF No. 49).

There are no remaining claims against defendant Clark County. The clerk of court is instructed to terminate Clark County as a defendant in this case.

DATED October 16, 2025.

```
                                        _____
                                        UNITED STATES DISTRICT JUDGE
```